IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DAVID WHEELER, #N21956,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-01624-SMY |
| | ) |
| **DAVID MITCHELL,** | ) |
| **CHRISTEL CROW,** | ) |
| **JOHN DOE,** *Physician Assistant,* | ) |
| and **CHRISTINE BROWN,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff David Wheeler, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights at Pinckneyville Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### <u>The Complaint</u>

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff is a polio survivor and wears a leg brace. He complained by letter and in person to all Defendants in 2021 and 2022 that his brace was broken and held together with shoestrings. Plaintiff was treated by John Doe Physician Assistant in 2021 and 2022. John Doe was aware the brace was broken and that Plaintiff had sores, bruises, and severe pain from the broken brace.

Wexford approved a new brace in February 2022 but Plaintiff has not received it. He

submitted an emergency grievance to Warden Mitchell on April 19, 2022 that was granted expedited review but the warden did not follow through to ensure Plaintiff received the new brace. ADA Coordinator Christine Brown verified the new brace was ordered but did not ensure he received it. No one responded to Plaintiff's complaints of pain from the old brace. His old brace failed and he fell on May 5, 2022 injuring his knee. He was taken by wheelchair to the health care unit and was given crutches. Plaintiff wrote to Assistant Warden Crow about the sores, bruises, and pain he was suffering as a result of the broken brace and sought his assistance in receiving his new brace to no avail.

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:[1]

> Count 1: Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Plaintiff's serious medical needs in 2021 and 2022 related to a broken leg brace.

## Discussion

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). The allegations in the Complaint are sufficient to proceed against Warden Mitchell, Assistant Warden

---

[1] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

2

Crow, John Doe Physician Assistant, and ADA Coordinator Christine Brown.

### Request for Injunctive Relief

David Mitchell, the Warden of Pinckneyville Correctional Center, in his official capacity, is the proper defendant for Plaintiff's claim for injunctive relief. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). In Plaintiff's Motion for Preliminary Injunction (dated July 25, 2022), he alleges that he needs the brace to walk, but still has not received it (Doc. 10). Accordingly, Defendants are **ORDERED** to respond to the motion within 14 days of service.

### Official Capacity Claims

Plaintiff raises claims against each defendant in his or her individual and official capacities. The injunctive relief claim is properly brought against Warden Mitchell in his official capacity but is not proper as to Crow, Brown, and John Doe. Further, Plaintiff's claims for monetary damages may only be pursued against state officials in their individual capacities. *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005). Accordingly, the official capacity claims against Crow, Brown, and John Doe are dismissed without prejudice.

### Identification of Doe Defendant

The Warden of Pinckneyville Correctional Center, in his official capacity, shall respond to discovery aimed at identifying the Doe defendant. Guidelines for discovery will be set by the undersigned. Once the name of the Doe defendant is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

Following preliminary review under § 1915A, Count 1 will proceed against Christel Crow, John Doe, and Christine Brown, in their individual capacities, and against David Mitchell in his

individual capacity and in his official capacity as the Warden of Pinckneyville Correctional Center. The official capacity claims against Crow, Brown, and John Doe are **DISMISSED** without prejudice.

A ruling on the Motion for Preliminary Injunction (Doc. 10) is **DEFERRED**.  Defendants are **ORDERED** to respond to the motion within 14 days of service.

The Clerk of Court shall prepare for Christel Crow, Christine Brown, and David Mitchell, and once identified, John Doe: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on John Doe until such time as Plaintiff has identified him by name in a properly filed motion for substitution of party. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  August 4, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from

the date of this Order to receive the Defendants' Answer or other responsive pleading, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answer(s), the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**