IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WHEELER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 22-cv-1624-RJD[1] ) ) |
| DAVID MITCHELL, et al., | ) ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on various motions filed by Plaintiff. (Docs. 93, 94, 96, 99, and 101). For the reasons set forth below, Plaintiff's Motion for Recusal (Doc. 93), Motion to Appeal of Magistrate Judge's Decision (Doc. 94), and Revised Motion for Recusal (Doc. 99) are DENIED. Plaintiff's Motion for Copy (Doc. 96) and Plaintiff's Motion for Status (Doc. 101) are GRANTED.

**Background**

Plaintiff David Wheeler, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff is a polio survivor and, as a result of that illness, wears a leg brace. Plaintiff alleges he complained to staff at Pinckneyville in 2021 and 2022 that his leg brace was broken and causing him pain and injury. Plaintiff alleges Wexford approved a new brace in February 2022, but he has not received it.

---

[1] Assignment of this case to the undersigned was upon consent of the parties and pursuant to 28 U.S.C. Sec. 636(c). (Doc. 46).

Plaintiff proceeds in this action on an Eighth Amendment claim against Defendants Christel Crow, Christine Brown, and David Mitchell for exhibiting deliberate indifference to Plaintiff's serious medical needs in 2021 and 2022 related to his broken leg brace. Defendant Mitchell, the Pinckneyville Warden, is also named in his official capacity for the purpose of carrying out any injunctive relief.

On April 7, 2023, the Court received a document from Plaintiff that appeared to be a settlement demand. (Doc. 71). The Court considered this information to be typically confidential and entered an order advising the Plaintiff that the document would not be filed. (*Id.*). The Court further advised Plaintiff that he could send Defendants a copy of his settlement demand and advise the Court if the parties believed that a settlement conference would be beneficial. (*Id.*). On June 28, 2023, a mediation session was held, during which the parties reached a settlement agreement. (Doc. 87). Parties were allowed 90 days to finalize the settlement documents. (*Id.*). On August 21, 2023, Plaintiff filed a Motion to Withdraw Settlement Agreement alleging that Defendants' counsel failed to respond to Plaintiff's request to revise certain settlement terms. (Doc. 89). Plaintiff did not state what the requested revisions were. (*Id.*). Subsequently, Defendants filed a Motion to Enforce Settlement Agreement and Motion for Sanctions in which they argued that on September 15, 2023, their attorney had a telephone conference with Plaintiff during which Plaintiff confirmed that he would not sign any settlement paperwork that does not include as a term his transfer to Dixon Correctional Center. (Doc. 92). The Court's review of the two motions relating to the enforceability of the settlement agreement is currently pending.

Plaintiff also filed a Motion for Recusal of the undersigned, alleging bias against him in denying his motions for proceeding in forma pauperis and for recruitment of counsel. (Doc. 93). Plaintiff further argued that the Court violated the "Confidentiality Act" by reviewing the settlement demand Plaintiff submitted for filing and allowing the Clerk of Court to file the same. (*Id.*). He

alleged he was forced into mandatory mediation without having an option to decline participation. (*Id.*). Defendant filed a response suggesting that the Court's review of the settlement agreement and unfavorable rulings on Plaintiff's motion do not warrant recusal pursuant to 28 USCA §455(a). (Doc. 98). Plaintiff thereafter filed a Revised Motion for Recusal, substantially restating the grounds for recusal alleged in his initial motion. (Doc. 99). Defendants filed a response incorporating their response to the original motion. (Doc. 100).

Plaintiff further filed a Motion to Appeal Magistrate Judge's Decision seeking that a District Judge review "any and all rulings and orders" entered in this case pursuant to Local Rule 73.1(A). (Doc. 94). Plaintiff also filed a Motion for Copies requesting copies of his Motion for Recusal (Doc. 96) and a Motion for Status (Doc. 101), requesting an update on his pending motions for recusal and motion to withdraw from the settlement.

## Discussion

**Motion for Recusal (Doc. 93) and Revised Motion for Recusal (Doc. 99).**

Because Plaintiff is proceeding pro se, the Court construes his motion for recusal as being brought pursuant to 28 U.S.C. § 455. *See Cohee v. McDade*, 472 F. Supp. 2d 1082, 1083–84 (S.D. Ill. 2006) (citation omitted) (reasoning that the disqualification of federal judges is governed by 28 U.S.C. § 455 and 28 U.S.C. § 144, with the latter being unavailable to pro se litigants in light of the statutory requirement of a good faith certificate from "counsel of record"). Pursuant to 28 USCA §455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 USCA § 455(a). The statute also provides a number of circumstances in which a judge shall disqualify themself, for example, where he or she is related to a party, has a financial interest in the outcome, has a personal bias or prejudice concerning a party, or has personal knowledge regarding evidentiary facts concerning the proceedings. (*Id.*).

Plaintiff first accuses the undersigned of personal bias or prejudice due to the Court's rulings against him on his motion for leave to proceed in forma pauperis and his motion for recruitment of counsel. (Doc. 99, p. 1). Dissatisfaction with a judge's rulings, however, is not a basis for recusal. *See Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) ("[J]udicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge . . . . [U]nless there are exceptional circumstances, judicial rulings are grounds for appeal, not disqualification.").

Plaintiff further contends that the undersigned must recuse herself because she allegedly "read" the settlement demand Plaintiff attempted to file with the Court and allowed the Clerk to file the same, which Plaintiff claims violated his confidentiality. (Doc. 99, p. 1). Plaintiff's contention not only lacks merit as a matter of law but is also factually inaccurate. Per the undersigned's order, the purported settlement demand that Plaintiff submitted for filing with the Court was not filed in this case and did not become part of the record for the very purpose of protecting Plaintiff's confidentiality. (Doc. 71). In any case, the Court's review of Plaintiff's purported settlement demand is not a ground for recusal for several reasons. First, there is no "generally recognized settlement-negotiation privilege" under federal law. *United States v. Dish Network, L.L.C.*, 943 F. Supp. 2d 891, 895 (C.D. Ill. 2013) (citing *Pactiv Corp. v. Multisorb Techs., Inc.*, 2012 WL 1831517, at *5 (N.D.Ill.2012) (finding no discovery privilege exists regarding settlement negotiations)). Even if there was such a privilege, however, Plaintiff submitted the settlement demand for filing on his own initiative, thus waiving any claim for confidentiality. Plaintiff's allegation would at most implicate 28 U.S.C.A. § 455(b)(1), which mandates a recusal for judges who have "personal knowledge of disputed evidentiary facts concerning the proceedings." 28 U.S.C.A. § 455(b)(1). However, the Seventh Circuit has made

clear that "personal knowledge of disputed evidentiary facts" is the basis for recusal only when it derives from an "extrajudicial" source. *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.*, 991 F.2d 1249, 1255–56 (7th Cir. 1993) (citation omitted). Any "facts learned by a judge in his or her judicial capacity regarding the parties before the court . . . cannot be the basis for disqualification." *Id.* (citing *United States v. Patrick*, 542 F.2d 381, 390 (7th Cir.1976)). Here, not only does the motion not assert that the purported settlement demand discussed any disputed evidentiary facts, but it is clear that any knowledge the undersigned could potentially acquire from the purported settlement demand would be strictly in her judicial capacity. Accordingly, the undersigned's review of the purported settlement demand is not a ground for her recusal from this case.

Finally, Plaintiff's allegations that the undersigned must recuse herself because she referred this case to mandatory mediation after reviewing Plaintiff's settlement demand, allegedly leaving Plaintiff without an option to decline mediation, also lacks merit. Pursuant to Administrative Order No. 301, presiding judges in prisoner civil rights cases have the authority to refer any prisoner civil rights case to this Mandatory Mediation Program if determined to be appropriate in a particular case. *See* Admin. Order No. 301 (Oct. 8, 2021). The timing of such a referral is within the Court's sound discretion. *Id.*; *see also Dunkley v. Illinois Dep't of Human Services*, 3:18-CV-2189-DWD, 2023 WL 1766285, at *2 (S.D. Ill. Feb. 3, 2023). The Federal Rules of Civil Procedure specifically authorize judges to hold pretrial conferences to facilitate settlement. FED. R. CIV. P. 16(a). Accordingly, the referral of this case to mandatory mediation is not a basis for recusal.

Finding no grounds warranting recusal, the undersigned declines to recuse herself. Plaintiff's Motion for Recusal (Doc. 93) and Revised Motion for Recusal (Doc. 99) are **DENIED**.

**Motion to Appeal Magistrate Judge's Decision (Doc. 94).**

Plaintiff filed a motion seeking that a District Judge review "any and all rulings and orders" entered in this case pursuant to Local Rule 73.1(A). (Doc. 94). Plaintiff's citation to the local rules is incorrect, but the Court assumes that Plaintiff relies on Local Rule 73.1(b) that governs the review of orders and recommendations a Magistrate Judge enters in referred prisoner litigation cases under 28 U.S.C.§ 636(b)(1)(B).  SDIL-LR 73.1(b).  Local Rule 73.1(b) specifically provides that "any party may object to a Magistrate Judge's proposed dispositive findings, recommendations, or reports issued pursuant to 28 U.S.C. § 636(b)(1)(B), within 14 days after being served with a copy." (*Id.*).  On the other hand, Local Rule 72.2 governs procedures of cases assigned to a Magistrate Judge upon consent of the parties pursuant to 28 U.S.C. § 636(c).  SDIL-LR 72.2.  The rule specifically provides that upon the parties' consent, the Magistrate Judge has "authority to conduct all proceedings to which the parties have consented . . . as if a District Judge had presided." SDIL-LR 72.2(b)(3).  "The parties cannot seek review and appeal of a Magistrate Judge decision from a District Judge once a case has been assigned to a Magistrate Judge on consent of the parties." *Id.*  Rather, the appeal of orders a Magistrate Judge entered upon the consent of the parties are governed by Local Rule 73.1(e), which allows for a direct appeal to the United States Court of Appeals of only dispositive orders and "in the same manner as an appeal from any other judgment of this Court." SDIL-LR 73.1(e).

Here, the undersigned was assigned to this case upon the parties' consent.  (Doc. 46). Accordingly, any orders and proceedings in this case are governed by Local Rule 72.2(b)(3) and are not subject to review by a District Judge.  Because the Court has not entered a dispositive or interlocutory order that could be subject to appeal pursuant to Local Rule 73.1(e), an appeal at

this time would be premature. Therefore, Plaintiff's reliance on Rule 73.1(b) is misplaced, and his Motion to Appeal Magistrate Judge's Decision (Doc. 94) is **DENIED**.

**Plaintiff's Motion for Copy (Doc. 96) and Plaintiff's Motion for Status (Doc. 101)**

Plaintiff filed a motion (Doc. 96) seeking a full copy of his filed Motion for Recusal (Doc. 93). Plaintiff is reminded that it is his responsibility to maintain copies of motions he has filed and, in the future, Plaintiff will be required to pay for any copies requested from the clerk. As a one-time courtesy, Plaintiff's Motion for Copy (Doc. 96) is **GRANTED**, and the Clerk of Court is **DIRECTED** to send Plaintiff a full copy of his Motion for Recusal (Doc. 93). Plaintiff further filed a motion (Doc. 101) seeking an update on his pending motions for recusal (Doc. 93 & Doc. 99), and his motion to withdraw from settlement (Doc. 89). Plaintiff's Motion for Status (Doc. 101) is **GRANTED**. Plaintiff's motions for recusal (Doc. 93 & Doc. 99) are DENIED pursuant to this order. Plaintiff's Motion to Withdraw Settlement Agreement (Doc. 89) has been set for a hearing on February 22, 2024, at 1:30 p.m. via video conference.

## Conclusion

For the reasons set forth above, Plaintiff's Motion for Recusal (Doc. 93), Appeal of Magistrate Judge's Decision (Doc. 94), and Revised Motion for Recusal (Doc. 99) are **DENIED**. Plaintiff's Motion for Copy (Doc. 96) and Plaintiff's Motion for Status (Doc. 101) are **GRANTED**. The Clerk of Court is **DIRECTED** to send Plaintiff a full copy of his Motion for Recusal (Doc. 93).

**IT IS SO ORDERED.**

**DATED: February 8, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**