IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WHEELER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 22-cv-1624-RJD |
| vs. ) | |
| ) | |
| DAVID MITCHELL, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion to Withdraw Settlement Agreement (Doc. 89) and Defendants' Motion to Enforce Settlement and Motion for Sanctions (Doc. 92). For the reasons set forth below, Plaintiff's Motion to Withdraw Settlement Agreement (Doc. 89) is WITHDRAWN and Defendants' Motion to Enforce Settlement and Motion for Sanctions (Doc. 92) is GRANTED in part and DENIED in part.

Background

On June 28, 2023, a mediation session was held, wherein the parties reached a settlement agreement. (Doc. 87). Parties were allowed 90 days to finalize the settlement documents. (*Id.*). On August 21, 2023, Plaintiff filed a Motion to Withdraw Settlement Agreement alleging that Defendants' counsel failed to respond to Plaintiff's request to revise the settlement agreement. (Doc. 89). Plaintiff did not state what the requested revisions were. (*Id.*). Defendants then filed a response to the motion explaining that they had not received Plaintiff's request for revisions due to a clerical mistake and offered to set a telephone conference with Plaintiff to

resolve the dispute. (Doc. 90). They noted, however, that to the extent Plaintiff intended to make his transfer to Dixon Correctional Center a condition precedent to his signing of the settlement agreement, they would deny said request since it was never a part of the parties' original settlement agreement that was reached during the mandatory mediation session. (*Id.*). Plaintiff then filed a reply in support of his motion in which he argued that Defendants breached the settlement agreement by failing to fulfill the agreed upon verbal contract. (Doc. 91). Plaintiff again did not indicate what specific agreed-upon terms Defendants failed to incorporate in the proposed settlement documents. (*Id.*). Subsequently, Defendants filed a Motion to Enforce Settlement Agreement and Motion for Sanctions in which they argued that on September 15, 2023, he had a telephone conference with Plaintiff during which Plaintiff confirmed that he would not sign any settlement paperwork that does not include as a term his transfer to Dixon Correctional Center. (Doc. 92). Plaintiff further indicated that he wanted the settlement to fulfill his original eleven (11) point settlement demand. (*Id.*). Defendants argued, however, that the only material term agreed upon during the mediation session was a monetary settlement and, thus, requested the enforcement of the agreed upon settlement agreement. (*Id.*). Alternatively, Defendants requested that this action be dismissed as a sanction for Plaintiff's refusal to effect settlement per the terms agreed to by the parties. (*Id.*). Plaintiff filed a response to Defendant's motion suggesting that "all of the 11-point agreement" was not being honored and that, in any case, the settlement agreement reached during the mandatory mediation session was void because the Court had allegedly violated Plaintiff's confidentiality by reviewing Plaintiff's eleven (11) point settlement demand prior to ordering mandatory mediation. (Doc. 95).

The undersigned held a hearing on both motions. (Doc. 105). At the hearing, Plaintiff

moved to withdraw his Motion to Withdraw Settlement Agreement (Doc. 89). Plaintiff further conceded Defendants' Motion to Enforce Settlement. (Doc. 105). He explained that he did not dispute the settlement's material terms as they were represented in the proposed settlement documents and that the basis for his prior refusal to execute them was a term included therein, rendering Plaintiff's payment subject to the availability of funds in the State Treasury. He represented, however, that he had reconsidered this matter and he was ready to execute the proposed settlement documents. He thus requested that Defendants send him a new copy of the settlement documents. The Court granted Plaintiff's motion to withdraw. (Doc. 105).

## Discussion

"State contract law governs issues concerning the formation, construction, and enforcement of settlement agreements." *Beverly v. Abbott Labs.*, 817 F.3d 328, 333 (7th Cir. 2016). "Under Illinois law, the existence of a valid and enforceable contract is a question of law when the basic facts are not in dispute." *Id.* "Oral settlement agreements are enforceable under Illinois law if there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement." *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 506-07 (7th Cir. 2007) (internal quotations omitted); *accord County Line Nurseries & Landscaping, Inc. v. Glencoe Park Dist.*, 46 N.E.3d 925, 932 (Ill. App. Ct. 2015). "A meeting of the minds exists whenever the parties' conduct objectively indicates an agreement to the terms of the settlement, even if one or more parties did not subjectively intend to be bound." *County Line Nurseries*, 46 N.E.3d at 932. An agreement is enforceable when the "essential terms" are sufficiently "definite and certain so that a court can ascertain the parties' agreement from the stated terms and provisions." *Dillard*, 483 F.3d at 507 (internal quotation omitted); *accord Beverly*, 817 F.3d at 333. "[T]he simple fact that a formal document will follow does not reduce an oral agreement to

a negotiation if the ultimate contract will be substantially based upon the same terms[.]" *TRT Transp., Inc. v. Aksoy*, 506 Fed App'x 511, 513 (7th Cir. 2013) (internal quotation omitted).

In this case, Plaintiff withdrew any objections he raised as to the enforceability of the settlement agreement and conceded as to its material terms as they were represented on the Defendants' proposed settlement documents. The Court finds that the monetary settlement agreement reached during mediation was a valid and enforceable contract. Defendants' alternative request for a sanction in the form of dismissal is mooted by enforcement of the Settlement Agreement and is, therefore, denied.

## Conclusion

For the reasons set forth above, Plaintiff's Motion to Withdraw Settlement Agreement (Doc. 89) is hereby WITHDRAWN and Defendants' Motion to Enforce Settlement and Motion for Sanctions (Doc. 92) is GRANTED in part and DENIED in part.

**IT IS SO ORDERED.**

**DATED: February 26, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**